**Case No. 22-2163**

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

VOICE TECH CORP.,
*Appellant*

v.

UNIFIED PATENTS, LLC,
*Appellee*

Appeal from the United States Patent and Trademark Office
Patent Trial and Appeal Board
No. IPR2020-01018

## APPELLANT VOICE TECH CORP.'S REPLY BRIEF

Eric M. Adams
eadams@tumeyllp.com
TUMEY L.L.P.
5177 Richmond Avenue, Suite 1188
Houston, Texas 77056
(713) 622-7005
(713) 622-0220 *fax*

ATTORNEYS FOR APPELLANT
VOICE TECH CORP.

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

**Case Number** 2022-2163

**Short Case Caption** Voice Tech Corp. v. Unified Patents, LLC

**Filing Party/Entity** Appellant Voice Tech Corporation

**Instructions:** Complete each section of the form. In answering items 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance. **Please enter only one item per box; attach additional pages as needed and check the relevant box**. Counsel must immediately file an amended Certificate of Interest if information changes. Fed. Cir. R. 47.4(b).

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 03/30/2023

Signature: /s/ Eric M. Adams

Name: Eric M. Adams

| **1. Represented Entities.** Fed. Cir. R. 47.4(a)(1). | **2. Real Party in Interest.** Fed. Cir. R. 47.4(a)(2). | **3. Parent Corporations and Stockholders.** Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☑ None/Not Applicable |
| Voice Tech Corporation | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐ Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☑ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |
| | | |

**5. Related Cases.** Provide the case titles and numbers of any case known to be pending in this court or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal. Do not include the originating case number(s) for this case. Fed. Cir. R. 47.4(a)(5). See also Fed. Cir. R. 47.5(b).

☐ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| Voice Tech Corp. v. Mycroft AI Inc., Case No. 4:20-cv-00111 (W.D. Mo.) | | |
| | | |
| | | |

**6. Organizational Victims and Bankruptcy Cases.** Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

# TABLE OF CONTENTS

CERTIFICATE OF INTEREST ii

TABLE OF AUTHORITIES vii

ARGUMENT 1

I. STANDARD OF REVIEW 1

II. "MOBILE DEVICE INTERFACE" LIMITATION 2

A. The Board's Errors Related to "Mobile Device Interface" 2

B. The MDI Issue is Reviewable 9

III. THE BOARD'S RULINGS BASED ON WONG AND BEAUREGARD 11

A. Wong's speech engine *alone* does not disclose or teach the "audio command interface" 11

B. The combination of Wong and Beauregard does not disclose or teach the ACI 12

C. Wong *alone* does not disclose or teach the "decodes" limitations 14

D. Wong in combination with Beauregard does not render the "decodes" limitations obvious 15

E. The "Deciding/Selecting" Elements 16

IV. UNIFIED'S HINDSIGHT REASONING 19

V. CLAIM CONSTRUCTION 22

A. "Audio Command Interface" 22

B. "Mobile Device Interface" 23

VI. NO ARGUMENTS WAIVED ..... 24

VII. THE FINAL WRITTEN DECISION SHOULD BE REVERSED ..... 27

CONCLUSION ..... 29

SIGNATURE ..... 30

CERTIFICATE OF SERVICE

CERTIFICATE OF COMPLIANCE

# TABLE OF AUTHORITIES

**Cases**

*Acoustic Tech., Inc. v. Itron Networked Sols., Inc.*,
949 F.3d 1366 (Fed. Cir. 2020) 7

*AC Techs. S.A. v. Amazon.com, Inc.*,
912 F.3d 1358 (Fed. Cir. 2019) 27, 28

*Adidas AG v. Nike, Inc.*,
894 F.3d 1256 (Fed. Cir. 2018) 28

*AMP Plus, Inc. v. DMF, Inc.*,
No. 2021-1595, 2022 WL 16844516 (Fed. Cir. Nov. 10, 2022) 5

*Ariosa Diagnostics v. Verinata Health, Inc.*,
805 F.3d 1359 (Fed. Cir. 2015) 2, 8

*Beloit Corp. v. Valmet Oy*,
742 F.2d 1421 (Fed. Cir. 1984) 27

*BioDelivery Scis. Int'l, Inc. v. Aquestive Therapeutics, Inc.*,
898 F.3d 1205 (Fed. Cir. 2018) 29

*Choirock Contents Factory Co., Ltd. v. Saucier*,
801 Fed.Appx. 754 (Fed. Cir. 2020) 7

*Cuozzo Speed Techs., LLC v. Lee*,
579 U.S. 261 (2016) 2, 10, 20

*Elbit Systems of America, LLC v. Thales Visionix, Inc.*,
881 F.3d 1354 (Fed. Cir. 2018) 6

*Ericsson Inc. v. Intellectual Ventures I LLC*,
901 F.3d 1374 (Fed. Cir. 2018) 1

*Hamilton Beach Brands, Inc. v. f'real Foods, LLC*,
908 F.3d 1328 (Fed. Cir. 2018) 1

*In re Magnum Oil Tools Int'l, Ltd.*,
829 F.3d 1364 (Fed. Cir. 2016) ... 3, 10, 23, 24

*Intellectual Ventures I LLC v. EMC Corp.*,
786 Fed.Appx. 1021 (Fed. Cir. 2019) ... 5

*Intelligent Bio-Systems, Inc. v. Illumina Cambridge Ltd.*,
821 F.3d 1359 (Fed. Cir. 2016) ... 1, 2, 3

*InTouch Techs., Inc. v. VGO Commc'ns, Inc.*,
751 F.3d 1327 (Fed. Cir. 2014) ... 20, 21

*Microsoft Corp. v. IPA Techs., Inc.*,
No. 2021-1412,
2022 WL 989403 (Fed. Cir. Apr. 1, 2022) (nonprecedential) ... 1, 2, 3

*Nike, Inc. v. Adidas AG*,
955 F.3d 45 (Fed. Cir. 2020) ... 3

*Polycom, Inc. v. Fullview, Inc.*,
767 Fed.Appx. 970 (Fed. Cir. 2019) ... 24, 25, 26, 29

*SAS Inst., Inc. v. Iancu*,
138 S.Ct. 1348 (2018) ... 27, 29

*Uniloc 2017 LLC v. Facebook, Inc.*,
No. 2019-2162, 2021 WL 5370480 (Fed. Cir. Nov. 18, 2021) ... 5

**Statutes**

35 U.S.C. § 314(d) ... 10

**Regulations**

37 C.F.R. § 41.79 ... 25

37 C.F.R. § 42.23(b) ... 3

# ARGUMENT

## I. STANDARD OF REVIEW

This Court reviews "the Board's legal conclusions (including claim constructions based solely on intrinsic evidence) de novo and its factual findings (including those concerning the prior art's teachings and the motivation to combine) for substantial-evidence support." *Microsoft Corp. v. IPA Techs., Inc.*, No. 2021-1412, 2022 WL 989403 at *2 (Fed. Cir. Apr. 1, 2022) (nonprecedential) (citing *Hamilton Beach Brands, Inc. v. f'real Foods, LLC*, 908 F.3d 1328, 1339 (Fed. Cir. 2018)). "Substantial evidence exists if "'a reasonable fact finder could have arrived at the agency's decision' in light of the record as a whole." *Id*. (quoting *Intelligent Bio-Systems, Inc. v. Illumina Cambridge Ltd.*, 821 F.3d 1359, 1366 (Fed. Cir. 2016)).

This Court reviews "the Board's judgments concerning what arguments have been adequately presented in a petition and other pleadings for abuse of discretion." *Id*. (citing *Ericsson Inc. v. Intellectual Ventures I LLC*, 901 F.3d 1374, 1379 (Fed. Cir. 2018)). Further, "[d]ecisions related to compliance with the Board's procedures are reviewed for an abuse of discretion." *Ericsson*, 901 F.3d at 1379. "An abuse of discretion is found if the decision: (1) is clearly unreasonable, arbitrary, or fanciful; (2) is based on an erroneous conclusion of law; (3) rests on clearly erroneous fact finding; or (4) involves a record that contains no evidence on which the Board could

rationally base its decision." *Microsoft*, 2022 WL 989403 at *2 (quoting *Intelligent Bio-Systems*, 821 F.3d at 1367)).

## II. "MOBILE DEVICE INTERFACE" LIMITATION

### A. The Board's Errors Related to "Mobile Device Interface"

Unified asserted that claims 5-8 are unpatentable as obvious. Appx82. Unified had the burden to prove this by a preponderance of the evidence. *Cuozzo Speed Techs., LLC v. Lee,* 579 U.S. 261, 279 (2016). Further, Unified was obligated to meet this burden in its Petition. *Ariosa Diagnostics v. Verinata Health, Inc.*, 805 F.3d 1359, 1367 (Fed. Cir. 2015).

Independent claims 5 and 7 contain the "mobile device interface" ("MDI") limitation. Appx74-75. In its Petition, Unified generally asserted that claims 5 and 7, as well as dependent claims 6 and 8, are unpatentable because they are obvious in view of the combination of Wong and Beauregard. Appx82. However, Unified completely failed to include or address the MDI limitation in its Petition, claim charts, and expert declaration. Appx76-135; Appx2501-2504; Appx2553-2555; Appx1213-1272. Thus, Unified failed to meet is burden of proof to establish the unpatentability of claims 5-8. *Cuozzo*, 579 U.S. at 279; *Ariosa*, 805 F.3d at 1367.

Therefore, the Board erred when it held that Unified met its burden of proof by finding that Unified included arguments in its Petition regarding the MDI limitation. Appx41-47. This was an abuse of discretion by the Board because the

record contains no evidence on which the Board could rationally base this holding. *Microsoft*, 2022 WL 989403 at *2. Further, the Board also erred by improperly creating arguments related to the MDI limitation on Unified's behalf—arguments that are contradicted by the Petition itself. *In re Magnum Oil Tools Int'l, Ltd.*, 829 F.3d 1364, 1381 (Fed. Cir. 2016). The Board also relied on its own improperly created arguments when holding that Unified met its burden of proof. Appx41-47. "Whether the Board improperly relied on new arguments is reviewed de novo." *Nike, Inc. v. Adidas AG*, 955 F.3d 45, 50-51 (Fed. Cir. 2020).

Voice Tech objected to Unified incorporating the Board's arguments into its Reply, Appx366-371, but the Board erred by overruling this objection. Appx42. Whether Unified "exceeded the scope of a proper reply in violation of 37 C.F.R. § 42.23(b)" is reviewed for an abuse of discretion. *Intelligent Bio-Sys*, 821 F.3d at 1367. Here, the Board abused its discretion because its ruling was clearly unreasonable and arbitrary, and it rested on clearly erroneous findings of fact. *Id.*

Unified seeks to avoid these errors by now arguing that the combination of Wong and Beauregard discloses the MDI limitation. Resp. at 51-55. Yet, Unified failed to address, or even mention, the MDI limitation in its Petition, claim charts, and expert declaration. Appx76-135; Appx2501-2504; Appx2553-2555; Appx1213-1272. There can be no argument that the MDI limitation was disclosed by prior art when the MDI limitation is never mentioned. Unified tries to minimize its failure by

referring to it as a failure to "articulate." Resp. at 54. The truth is that Unified completely failed to even mention the MDI limitation.

Unified also asserts that Voice Tech's argument is based on "an unnaturally narrow reading" of the Petition. Resp. at 58. Yet, the undisputed fact is that the MDI limitation is not mentioned anywhere in the Petition. That is not unnaturally narrow reading of the Petition—it is simply a fact.

The MDI limitations are found in elements [5.8] and [7.8] only. Appx75. In its claim 5 table, Unified did not recite the MDI limitation in element [5.8]. Appx131-132. For element [5.8], there is a table cross-reference to element [1.6], *id.*, but Unified explicitly stated that such cross-references only applied to corresponding limitations between the claims. Appx130-131. For element [7.8], there is also a table cross-reference to element [1.6], Appx134-135, but Unified explicitly stated that such cross-references only applied to corresponding limitations between the claims. Appx134. There is no dispute that the MDI limitation is not a "corresponding limitation" because it is not found in element [1.6]—or claim 1 at all. Appx74. Thus, there is no basis to consider Unified's claim 1 argument in relation to the MDI limitation. Further, there is absolutely no mention of the MDI limitation in Unified's arguments for claims 5 and 7. Appx130-135.

In a clever attempt to obscure its failure, Unified's Response proceeds in reverse. Unified begins by looking at the Board's arguments related to claim 1. Resp.

at 58. Unified tries to blur the differences between claim 1 and claims 5 and 7 by suggesting that the only difference is that claim 1 is a method claim while claims 5 and 7 are system claims. Resp. at 58. It then reiterates the Board's argument by focusing on the single reference to "built-in services" mentioned in Unified's claim 1 discussion. Resp. at 59. Afterwards, Unified makes the backward leap to its Petition tables for claims 5 and 7. Resp. at 59-60.

Unified asserts that it "mistakenly quoted" elements [5.8] and [7.8] and reiterated the Board's statement that this was merely a "clerical error." Resp. at 60-61. It also stated that "there can be no real confusion that the Petition was addressing the mobile device interface limitations 5.8 and 7.8," and it incorrectly asserted that "the Petition expressly referred back to the reasoning provided under limitation 1.6 to support limitations 5.8/7.8." Resp. at 61. Yet, these arguments are contradicted by the actual language of the Petition as shown above.

Unified relies on *Intellectual Ventures I LLC v. EMC Corp.*, 786 Fed.Appx. 1021 (Fed. Cir. 2019), for the assertion that its table cross-references to element [1.6] were sufficient, Resp. at 62, but the petition in *Intellectual Ventures* actually discussed the claim limitation at issue. *Intellectual Ventures I*, 786 Fed.Appx. at 1031. Similarly, all of the claim limitations were addressed in *AMP Plus* and *Uniloc 2017*, which are also relied upon by Unified. *AMP Plus, Inc. v. DMF, Inc.*, No. 2021-1595, 2022 WL 16844516 at *5 (Fed. Cir. Nov. 10, 2022); *Uniloc 2017 LLC v.*

*Facebook, Inc.*, No. 2019-2162, 2021 WL 5370480 at *7-8 (Fed. Cir. Nov. 18, 2021); Resp. at 62. None of these decisions dealt with a situation where the claim limitation at issue was not even mentioned.

Unified also argues that the Board did not create any new arguments. Resp. at 63. It contends that the arguments and evidence were already there in the Petition. *Id*. This simply is not supported by a reading of the Petition.

Unified unsuccessfully attempts to distinguish this case from the Court's decision in *Elbit Systems of America, LLC v. Thales Visionix, Inc.*, 881 F.3d 1354 (Fed. Cir. 2018). Resp. at 63-64. In *Elbit*, there was a dispute between the experts as to whether a limitation was taught by the prior art, but this Court gave no credence to the petitioner's expert because he had failed to even mention the limitation in his opinion. *Elbit*, 881 F.3d at 1358-1359. Unified asserts that *Elbit* was only a battle of experts and that the Board gets to choose which expert to credit. Resp. at 63-64. It then suggests that in this case the Board simply chose to credit Unified's expert. *Id*. However, in this case, the Board took a single reference to "built-in services" in a different section of the Petition (addressing element [1.6]), which made no reference to the MDI limitation, and somehow came up with the argument that "built-in services" met the definition of "mobile device interface." Appx281-282. There is no expert testimony on the MDI limitation, and *Elbit* states that such a failure to mention a limitation cannot be used to support unpatentability. *Elbit*, 881 F.3d at 1358.

Unified did not argue that "built-in services" are in any way tied to the MDI limitation, so there is no reason to evaluate whether McNair's single mention of "built-in services" was credible.

In *Choirock Contents Factory Co., Ltd. v. Saucier*, 801 Fed.Appx. 754 (Fed. Cir. 2020), this Court agreed with the Board's finding that the petition had not clearly identified where a prior art reference taught a limitation-at-issue. *Id*. at 765. This Court further agreed that the petitioner also failed to address and introduce evidence as to another disputed limitation. *Id*. at 768. Thus, the Board in *Choirock* was correct in holding that the petitioner had failed to establish that the claim-at-issue and its dependent claims would have been obvious in light of the prior art asserted. *Id*. Unified argues that this case presents a completely different set of facts. Resp. at 65. Once again, it tries to blur the differences between claim 1 and claims 5 and 7 by asserting that the differences are just of method claims and system claims. *Id*. It then asserts that there was no need to actually use the claim language—mobile device interface—in its Petition. *Id*. However, this is a case where the MDI limitation was never mentioned, and there was absolutely no reason to consider any arguments related to claim 1, which does not include the MDI limitation.[1]

[1] Unified cites *Acoustic Tech., Inc. v. Itron Networked Sols., Inc.*, 949 F.3d 1366 (Fed. Cir. 2020), but in *Acoustic*, the issue was whether the same structure in a prior art reference could be used for multiple claim limitations. *Id*. at 1375. It does not support the assertion that an argument may exist where the claim limitation is never even mentioned.

Unified also asserts that its Reply arguments were based on the Petition and supporting evidence. Resp. at 66. Unified fails to mention it quoted part of the Board's argument in its Reply. Appx591 (quoting Appx281-282). It has already been shown that these arguments were not included in the Petition and that Unified's Reply arguments on the MDI limitation were taken from the Board's Institution Decision. Unified was not replying to the Response. It was restating the Board's arguments that it was adopting.

Unified repeats the Board's statement that the Board did not rely on the Reply anyway. Resp. at 66. However, this ignores the fact that the Board relied on the new Reply arguments, such as that "built-in services" meets the definition of "mobile device interface." Appx43-44.

Unified also argues that its Reply was merely expanding on the grounds originally asserted in the Petition. Resp. at 66-67. Yet, there were no MDI limitation arguments in the Petition, so there was nothing to expand upon in the Reply.

Further, Unified incorrectly argues that the only thing that matters is whether Voice Tech had notice and opportunity to respond. Resp. at 67-68. Yet, Unified is obligated to make an adequate case in its Petition. *Ariosa*, 805 F.3d at 1367. Further, there was nothing in the Petition for Voice Tech to respond to. Unified did not even mention the MDI limitation. The real argument being made by Unified here is that Voice Tech should have just accepted Unified's complete failure to mention the MDI

limitation and responded to the Board's improper arguments. Yet, Voice Tech has already pointed out that elements [5.8] and [7.8] are the only elements containing the MDI limitation, and Unified did not even mention the MDI limitation in the arguments for claims 5 and 7. Further, there was absolutely no reason to refer to Unified's claim 1 discussion since claim 1 does not contain the MDI limitation. There is no basis for the Board's argument on "built-in services." Voice Tech was not confused; it simply recognized there was no argument in the Petition related to the MDI limitation.

Ultimately, Unified failed to include any arguments in its Petition on the MDI limitation, and it was an abuse of discretion for the Board to find otherwise. The Board also erred by creating new arguments on the MDI limitation on Unified's behalf, and it was an abuse of discretion for the Board to allow Unified to include these new arguments in its Reply.

### B. The MDI Issue is Reviewable

Unified argues the Court should not review the Board's erroneous decision that Unified met its burden of proof on the MDI limitation. Resp. at 50. It incorrectly asserts that Voice Tech's argument is an attack on the institution decision and therefore not reviewable by this Court. *Id.* Yet, Voice Tech is not appealing the Board's Institution Decision. Brief at 17, n.7. It is appealing the Board's Final Written Decision, which erroneously holds that Unified met its burden of

establishing that claims 5-8 are unpatentable, that the Board did not improperly create an argument on Unified's behalf, and that the Board did not improperly overrule Voice Tech's objections to Unified's new Reply arguments. Appx41-47. As explained in *Magnum*, Voice Tech is entitled to have these decisions in the Board's Final Written Decision reviewed by this Court. *Magnum*, 829 F.3d at 1374. According to *Magnum*, the fact that the Board initially made some of these rulings in its institution decision does not change the fact that the Board's rulings in its Final Written Decision are reviewable. *Id*. Voice Tech only referred to the Board's rulings in its institution decision to provide procedural context for the Court on where Unified got the material for its new Reply arguments, as explained in Voice Tech's Principal Brief. Brief at 17, n.7.

Unified relies on *Cuozzo*, which was decided before *Magnum*, but *Cuozzo* does not support Unified's argument. Resp. at 50. The Supreme Court stated that 35 U.S.C. § 314(d) favors review, and it emphasized that it was only proper not to review decisions where the patent owner attacked the institution decision based on questions closely tied to the application and interpretation of statutes related to the decision to initiate the IPR. *Cuozzo*, 579 U.S. at 274-275. In *Cuozzo*, the patent owner's attack was specifically on the Board's determination to institute the IPR. *Id*. at 276. In this case, Voice Tech is appealing the Board's Final Written Decision, and it has specifically stated that it is only referring to the institution decision for context.

Brief at 17, n.7. Therefore, the Board's Final Written Decision rulings related to the MDI limitation are reviewable by this Court.

## III. THE BOARD'S RULINGS BASED ON WONG AND BEAUREGARD

### A. Wong's speech engine *alone* does not disclose or teach the "audio command interface."

Wong's speech engine does not perform all of the actions required of the "audio command interface" ("ACI") in the claims-at-issue. In fact, the Board held that it was only the combination of Wong and Beauregard that teaches an ACI performing the deciding/selecting actions required in these claims. Appx33. Yet, the Board also held that Wong's speech engine *alone* meets the plain and ordinary meaning of ACI, which the Board never provided. Appx28. Thus, the Board's holdings contradict each other.

The claims-at-issue require the ACI to perform certain functions (e.g., receiving, decoding, and deciding/selecting). Appx74-75. The Board acknowledged that Wong's speech engine does not perform all of these functions because it does not perform the deciding/selecting function by itself. Appx32. Therefore, the Board's finding that Wong's speech engine alone meets the plain and ordinary meaning of ACI is not supported by substantial evidence.

Unified argues that Wong's speech engine discloses the receiving limitation. Resp. at 26-27. Yet, the issue is not whether Wong discloses its speech engine receiving audio data. The issue is whether Wong's speech engine meets the "plain

and ordinary" meaning of ACI given that it does not perform all of the claim requirements of an ACI. Brief at 40-41.

Unified incorrectly asserts that Voice Tech is attempting to read multiple claim elements into the term ACI. Resp. at 27-28. Yet, the claims-at-issue require the ACI to perform all of these functions, Appx74-75, and given that Wong's speech engine does not disclose or teach all of these functions by itself, Wong's speech engine does not disclose or teach the ACI by itself. Once again, the Board did not provide any explanation as to what it considers the plain and ordinary meaning of ACI to be.

### B. The combination of Wong and Beauregard does not disclose or teach the ACI.

Unified argued that even if Wong's speech engine alone is not an ACI, such is obvious over Wong in view of Beauregard's teachings related to MIKE 330. Appx103-104. It incorrectly asserted that a POSITA would have been motivated to modify "*Wong*'s speech engine to incorporate *Beauregard*'s more specific teachings related to the logic of an audio command interface (e.g., MIKE 330) ***for receiving audio data***." Appx107 (emphasis added). The Board agreed with Unified's incorrect assertion. Appx28.

Yet, the component MIKE 330 has nothing to teach regarding receiving audio data; Beauregard's MIKE 330 receives translated text instead. Appx1338-1339; Appx2897. Further, the Board references Beauregard's logic about locating scripts,

which is related to Beauregard's matching function. Appx1330, 10:5-8. This same matching is described in Wong. Appx1281-1283, [0040]-[0041], [0058], [0063], so there would be no motivation for a POSITA to seek out Beauregard for logic already disclosed in Wong. Appx2897-2898.

Voice Tech has already contested the Board's inconsistent rulings on the meaning of ACI. Brief at 43. Additionally, Voice Tech argued that there was no reason for a POSITA to look to Beauregard's teachings related to MIKE 330 for receiving audio data because Beauregard's MIKE 330 does not receive audio data. Appx2897. The Board erred when it found otherwise. Appx29.

Also, there is no reason to combine Wong and Beauregard. Wong and Beauregard both require the user to preconfigure data in a database before the user can begin. Appx1281, [0035]; Appx1330, 9:22-23. They both disclose speech-to-text translation, which Wong refers to as "parsing." Appx1282, [0045]. Beauregard employs third-party software to perform speech-to-text translation. Appx1332, 14:5-12. Finally, both employ a matching function in order to match the command to the user's preconfigured instructions. Appx1281-1283; Appx1330, 10:5-8. So, there is no reason for a POSITA to seek to combine Wong and Beauregard given these overlapping functions. Appx2897-2898. Unified asserts that Voice Tech is attacking the references individually, Resp. at 30, but Voice Tech is actually pointing out each reference's disclosures and the fact that the combination of these references does not

disclose or teach these limitations. Given that Beauregard's MIKE 330 does not receive audio data, it has nothing to teach Wong's speech engine about receiving audio data. Therefore, there is no substantial evidence supporting the Board's finding that Unified demonstrated how the combination of Wong and Beauregard teaches the "receiving/receives" limitations in the claims-at-issue. The Board erred in finding that Unified met its burden of proof, and the Board's decision finding that claims 1-8 are unpatentable should be reversed.

### C. Wong *alone* does not disclose or teach the "decodes" limitations.

Unified alleged that "Wong discloses, or at least renders obvious, that the audio command interface decodes the audio data into a command (e.g., by parsing the voice command)." Appx108. Unified's sole support for this allegation was the following: "Wong discloses that after home PC translates speech into text, the speech recognition engine 213 (i.e., the audio command interface) 'is configured to **identify voice commands** and keywords' and '**parses the command**.'" Appx107 (citing Appx1281-1282). Unified was wrong because it incorrectly suggested that the speech engine was doing something beyond just speech-to-text translation. Appx2898-2899. Further, as noted above, Wong's speech engine alone does not disclose or teach an ACI. On appeal, Unified acknowledges that Wong defines "parsing" to mean "speech-to-text translation, which it now asserts meets the definition of "decoding." Resp. at 32-33.

Unified also argues that Voice Tech relied on a different embodiment. Resp. at 33. Yet, Voice Tech did not specifically rely on Wong's Figure 4b as opposed to Figure 4a. Voice Tech was pointing out Wong's definition of "parsing." When Wong provides the definition of "parses," there is no difference in the meaning of that term just because the parsing may be performed in different embodiments. Therefore, the Board erred by finding that the speech engine, which only performs speech-to-text translation, performs decoding.

### D. Wong in combination with Beauregard does not render the "decodes" limitations obvious.

Unified alternatively argued that if Wong's speech engine is not an ACI that decodes the audio data, such is obvious over Wong in view of Beauregard's teachings related to MIKE 330. Appx108. It concluded that "*Beauregard* discloses that *the audio command interface* (e.g., MIKE 330) *decodes the audio command into a command* (e.g., by matching the audio data with a series of commands)." Appx109. This does not make sense because Unified was arguing that the term "decoding" refers to just speech-to-text translation. Appx2899. Then, Unified alternatively alleged that Beauregard's fetcher, which is a part of MIKE 330, decodes the audio data by performing a matching function. Appx108. Thus, Unified was simultaneously arguing that the term "decoding" refers to speech-to-text translation and the matching function. Yet, the fetcher is not provided with audio data to decode.

Appx2899-2900; Appx1338, 25:17-18; Appx1339, 28:54-64. Thus, the combination of Wong and Beauregard does not disclose or teach the “decodes” limitations.

**E. The “Deciding/Selecting” Elements**

Unified asserted that Beauregard discloses, or at least renders obvious, these limitations. Appx110, Appx128-129, Appx131, Appx135. It referred to Beauregard’s MIKE 330 retrieving a service script. Appx110-111. It then referred to the disclosure of MIKE 330, which it contended ***matches*** audio data with service scripts. *Id*. Finally, Unified concluded that “Beauregard discloses, or at least renders obvious, that *the audio command interface* (e.g., MIKE 330) *selects, from at least one operating system* (e.g., Windows 95) *and at least one application* (e.g., Windows Application(s) 118), *one operating system or one application, wherein the audio command interface decides is the appropriate operating system or application to execute at least one process in response to the command* (e.g., based on the commands contained in the service scripts corresponding to the audio commands received).” Appx111-112. Unified reiterates these same arguments in its Response. Resp. at 38-39. These arguments continue to reveal a misunderstanding of Beauregard.

Once again, Unified relies on the combination of Wong and Beauregard to disclose the decoding limitations, in which Unified points out Beauregard’s

discussion of matching. Resp. at 38-39. Now, Unified is arguing that the same matching discussed in Beauregard discloses the deciding limitations. *Id*. at 39.

Unified states that Beauregard's service scripts perform a variety of services, Resp. at 39, but it is important to note that the service scripts are essentially instructions prepared by the user and stored in a database. Appx1334, 17:38-41. Essentially, Beauregard discloses the creation of customized voice macros. Appx1327, 3:10-19. The user must configure the system because all action words are defined by the user. Appx1330, 9:22-23. After configuring the database (wordbase), the user speaks one of the voice macros into the microphone. Appx1333, 16:60-62. The voice macro is translated from speech to text by a third-party software, Appx1332, 14:5-12, and the text is sent to the fetcher to perform the matching function. Appx1338, 25:17-18; Appx1339, 28:54-64. Each of the user's database entries contains a service script, which are user instructions to follow when a match is found. Appx1334, 17:38-41. Thus, in Beauregard, the user configures the system and provides the instructions on what occurs when a match is found. Appx2902-2903. There is nothing in Beauregard disclosing or teaching a component that decides the appropriate operating system or application to execute at least one process in response to the command and then selects, from at least one operating system and at least one application, one operating system or one application. Appx2904-2905.

Unified generally asserts that a POSITA would have been motivated to combine Wong's system to incorporate Beauregard's matching functionality. Resp. at 40. This argument, and the Board's decision, relied on new reply arguments and new reply evidence on the meaning of "decides." Appx590-593; Appx42. Voice Tech objected to the new reply arguments and evidence, but those objections were overruled. Appx42.[2]

Unified also discusses the use of the predetermined instructions and matching disclosed in the '679 patent. Resp. at 41. Yet, the fact that the specification of the '679 patent discusses predetermined instructions and matching has no bearing on the claims-at-issue, which use different terms, such as "deciding." Appx74-75.

Wong and Beauregard are both systems where the user preconfigures the database with specific instructions to be carried out when a command is given. Appx1281, [0035]; Appx1330, 9:22-23. Wong and Beauregard both employ a matching function with a database to locate the user's preconfigured instructions or service scripts, which tell the computer exactly what to do. Appx1281-1283, [0040]-[0041], [0058], [0063]; Appx1330, 10:5-8. Thus, Beauregard does not disclose an ACI making a decision.

---

[2] Unified incorrectly asserts that Voice Tech was required to raise its objection in a separate motion to strike rather than in its Surreply. Resp. at 44.

Further, in the proceeding below, Unified did not address the deciding limitations despite their arguments now. Resp. at 43. In its Petition, Unified failed to address the key "deciding" limitations in the claims-at-issue. In its Reply, Unified argued for the first time that the "deciding" limitation may be disclosed or taught by the user's preconfigured instructions. Appx598. This assertion ignored the claim language and mischaracterized the specification. Unfortunately, the Board based its decision on this incorrect construction of "deciding." Appx34.[3]

## IV. UNIFIED'S HINDSIGHT REASONING

In his declaration, McNair states that he was informed of the legal standards for obviousness. Appx1220-1221. Yet, there is no dispute that he failed to address why a POSITA at the time of the invention would have been motivated to combine Wong and Beauregard. Unified incorrectly argues that Voice Tech does not explain why this is inadequate. Resp. at 46. Voice Tech argues that even though McNair may have been told about the legal standards for obviousness and that he must address why a POSITA at the time of the invention would have been motivated to combine Wong and Beauregard, he did not do so. Brief at 59. Given that McNair did not clearly state that he was evaluating the motivation of a POSITA at the time of the invention, as required by Federal Circuit law, Unified failed to meet its burden

[3] The excerpts from the '679 patent cited by Unified all relate to the "decoding" step. Appx71-72.

of proof. *InTouch Techs., Inc. v. VGO Commc'ns, Inc.*, 751 F.3d 1327, 1347 (Fed. Cir. 2014).

Unified argues that Voice Tech did not prove that McNair was evaluating motivation of a POSITA after the invention. Resp. at 46. Yet, the burden is on Unified to establish these facts. *Cuozzo*, 579 U.S. at 279. Unified refers to a comment by McNair that he was instructed to assume that the time of the claimed invention was June 4, 2007. Appx1230, ¶29. Yet, despite being instructed to assume this, he did not express this in his opinions. McNair also discussed how he would meet the definition of a POSITA as of June 4, 2007, Appx1230-1231, ¶¶30-31, but once again there was no expression of this in his actual opinions related to the references.

Federal Circuit law requires a petitioner asserting obviousness to identify why a POSITA at the time of the invention would have sought to combine or modify the references. *InTouch*, 751 F.3d at 1348. Neither Unified nor McNair did this. Instead, Unified wants to chip away at this straightforward requirement designed to avoid hindsight reasoning. Unified argues that it can just be assumed that McNair considered the prior art *at the time of the invention*. Appx601. Although the Board criticized Voice Tech for being too rigid, Appx24-25, Voice Tech is only stating what the law requires. There is no reason why this legal standard, which is easily complied with, should be abandoned.

Unified also argues that *InTouch* should be read more broadly to allow for these failures. Resp. at 48-50. In *InTouch*, this Court agreed with the patent owner and found that “Dr. Yanco’s testimony was plagued by numerous problems, including her failure to…(2) focus on the relevant time frame of 2001.” *InTouch*, 751 F.3d at 1348. This Court held that Dr. Yanco “succumbed to hindsight bias in her obviousness analysis.” *Id*. at 1352. Dr. Yanco “failed to address why one of ordinary skill in the art *at the time of the invention*, which was 2001, would be motivated to combine these references.” *Id*. This Court also pointed out that “[n]ot once during Dr. Yanco’s direct examination regarding the ‘357 patent did she analyze what one of skill in the art would have understood as of 2001; that is the relevant inquiry.” *Id*. That was one of the main reasons why this Court reversed the district court’s judgment of invalidity. *Id*. at 1353.

Unified argues that *InTouch* is distinguishable from this case because McNair mentioned that he was told what the legal standards were—even though he did not follow them. Resp. at 48. Unified points to the following statement in *InTouch*: “Not once during Dr. Yanco’s direct examination regarding the ‘357 patent did she analyze what one of skill in the art would have understood as of 2001.” Resp. at 48 (quoting *InTouch*, 751 F.3d at 1352). McNair failed to do this as well. He stated that

he was told the legal standard, but he did not express in his analysis that he actually applied that standard.[4]

## V. CLAIM CONSTRUCTION

Unified incorrectly argues that Voice Tech's proposed constructions will not make a difference and that it waived claim construction arguments by not raising them in its rehearing request. Resp. at 20.[5]

### A. "Audio Command Interface"

Unified argues there is no need to define "audio command interface" because it will not change the obviousness determination. Resp. at 21-22. The Board held that ACI, a technical term, should have its plain and ordinary meaning, which it did not provide. Appx15. The Board found that Wong's speech engine alone discloses the ACI. Appx28. Separately, the Board that the combination of Wong and Beauregard disclosed the ACI. Appx33. Given the Board's unclear statement that the technical term ACI should be given its plain and ordinary meaning, as well as its inconsistent findings, require addressing the meaning of ACI here.

---

[4] Unified's assertions regarding "could" vs. "would" and secondary considerations are not relevant to this inquiry. Resp. at 49. Unified also refers to the alleged motivation to combine Wong and Beauregard, Resp. at 48, n.9, but Wong merely discloses that it may be extended to slideshows in addition to photos—not to other systems with different contexts. Appx1281; Appx1283-1284.

[5] Voice Tech addresses the waiver argument in Section VI.

The proposed definition of ACI differentiates it from the prior art because the ACI does not require configuration or interoperability. Appx2884. Wong requires the user to preconfigure a database for later matching of keywords with the database entries. Appx1281-1283. Beauregard does the same thing. Appx1338, 25:17-18.

Unified argues the proposed definition should not relate to specific claim limitations. Resp. at 23-24. It then argues that Voice Tech cannot argue that Wong's speech engine is not an ACI based on the same claim limitations. Resp. at 23. Essentially, Unified does not want to contend with the claim limitations related to the ACI. Clarification of the meaning of the ACI is needed to properly evaluate Unified's invalidity arguments.

**B. "Mobile Device Interface"**

Unified also argues that there is no need to construe "mobile device interface." Resp. at 24-25. Initially, the Board and Unified agreed with Voice Tech's construction of MDI. Appx266; Appx590. The Board then incorrectly found that the construction should not be limited to mobile devices. Appx16. As explained in Voice Tech's Brief, the "***mobile device*** interface" is an interface for ***mobile devices***. Brief at 37-38. Further, the Board also decided that a single mention of the term "built-in services" meets the Board's unclear construction. Appx43-44. The Board's arguments created on Unified's behalf, including the argument related to "built-in services," should not be considered. *Magnum*, 829 F.3d at 1381. If the law is

followed, there is no need to address the meaning of MDI. However, the Board and Unified have improperly argued that the term "built-in services" meets the definition of MDI. Appx43-44. Thus, if the law is ignored and those improper arguments are considered, MDI needs to be defined.

## VI. NO ARGUMENTS WAIVED

Unified incorrectly asserts that Voice Tech waived certain arguments because they were not included in its rehearing request. Resp. at 26, n.2 ("receiving" limitation); Resp. at 20 (claim construction); and Resp. at 50, n.10 (hindsight reasoning). Unified relies on *Polycom, Inc. v. Fullview, Inc.*, 767 Fed.Appx. 970 (Fed. Cir. 2019). *Id*. However, *Polycom* is not applicable to this case.

In *Polycom*, a petitioner in an inter partes reexamination proceeding appealed the Board's finding that the claims-at-issue were not obvious and not anticipated. *Polycom*, 767 Fed.Appx. at 971. The patent owner argued that the petitioner waived its anticipation arguments by not including them in petitioner's rehearing request. *Id*. at 979. As part of its reasoning, this Court discussed *Magnum*, explaining "the appellant's issue was not with the Board's decision to institute the IPR on some grounds instead of others." *Id*. (citing *Magnum*, 829 F.3d at 1373). Instead, the issue was with "certain statements that the Board made in that institution decision regarding the obviousness of the claimed invention which were later relied upon in the Board's final written decision." *Id*. at 979-980. Thus, in *Magnum*, the Court

found that, "because those determinations were incorporated into the final written decision, which is directly appealable to this court, the appellant did not need to make arguments regarding those statements in a request for rehearing of the institution decision." *Id*. at 980. Voice Tech is also appealing determinations made in the Board's Final Written Decision. Brief at 17, n.7.

Returning to *Polycom*, the petitioner chose to request rehearing of the Board's reopen decision. *Polycom*, 767 Fed.Appx. at 980. That rehearing request was required to include all of the "points believed to have been misapprehended or overlooked in rendering the Board's opinion reflecting its decision." *Id*. (quoting 37 C.F.R. § 41.79). Further, although the Board's reopen decision did not address the anticipation arguments, the reopen decision incorporates earlier decisions unless specifically withdrawn. *Id*. The Board's original decision addressed the examiner's decision to withdraw her anticipation rejection, and that portion of the Board's original decision was never withdrawn. *Id*. The Court then held that "[the petitioner] could have, and should have, raised the anticipation argument in the request for rehearing because this court should not be put in the position of reviewing an alleged error in the Board's reasoning that the Board itself was not given a chance to address" on rehearing. *Id*. Thus, the Court found that the petitioner waived its anticipation argument. *Id*. Essentially, the petitioner failed to request rehearing on the anticipation issue that had been overlooked by the Board, and given that

petitioner did not point this out in its rehearing request, the petitioner had waived review of that anticipation issue by this Court.

Here, this is an appeal of the Board's Final Written Decision in an IPR proceeding. Brief at 17, n.7. Voice Tech's appellate issues were fully briefed to the Board, and the Board addressed all of these issues in its Final Written Decision. Appx1-50. Rehearing requests may only raise points believed to have been misapprehended or overlooked in the Board's decision. *Polycom*, 767 Fed.Appx. at 980. In its rehearing request, Voice Tech raised all points it believed the Board misapprehended or overlooked, but it was not obligated to re-raise other points in its rehearing request to preserve those points for appeal. In fact, the Board in this case stated that "[a] rehearing request is not an opportunity for the requesting party to reargue its case or express disagreement with the Final Written Decision." Appx52.

Thus, Voice Tech provided the Board with an opportunity to address every one of the issues on appeal to this Court, and the Board addressed each of these issues in its Final Written Decision or Rehearing Denial. Voice Tech was not obligated to reargue every appellate issue in its rehearing request. Requiring this would effectively require every future appellant to reargue every single issue in its rehearing request even if they were not "misapprehended or overlooked."

## VII. THE FINAL WRITTEN DECISION SHOULD BE REVERSED

In its Petition, Unified asserted two grounds for unpatentability. Appx82. The Board instituted the proceeding below on all grounds raised. Appx2; Appx297. Voice Tech addressed both grounds in its Response. Appx371-403. Unified addressed both grounds in its Reply. Appx593-601. In its Final Written Decision, the Board stated that it was free not to address Unified's Ground 2 given that it had found all of the challenged claims unpatentable based on Unified's Ground 1 arguments. Appx 48 (citing *Beloit Corp. v. Valmet Oy*, 742 F.2d 1421, 1423 (Fed. Cir. 1984)). Yet, Unified asserts the Board had no occasion to address the Ground 2 arguments. Resp.at 69.

Unified argues if the Board's decision is not affirmed, this proceeding should be remanded to address its Ground 2 arguments. Resp. at 69. Unified relies on *SAS Inst., Inc. v. Iancu*, 138 S.Ct. 1348 (2018), Resp. at 69, but that case merely requires that the Board "issue a final written decision with respect to the patentability of *any* patent claim challenged by the petitioner." *SAS* at 1353. Unified challenged claims 1-8 of the '679 patent, and the Board found each of these unpatentable. Appx48-49. Thus, there is no basis to remand this proceeding.

Unified also relies on *AC Techs. S.A. v. Amazon.com, Inc.*, 912 F.3d 1358 (Fed. Cir. 2019), suggesting that it requires the Board to address all grounds of unpatentability raised by the petitioner. Resp. at 69. However, in *AC Techs*, this

Court held the Board properly considered a ground on which it did not initially institute, when the originally non-instituted ground challenged claims that were not shown unpatentable based on the originally instituted grounds. *AC Techs,* 912 F.3d at 1364-1365. Thus, the Board is required to address all challenged claims. *Id*. If the final written decision holds that some challenged claims were not shown unpatentable, the Board must consider any grounds that were presented in the petition but not addressed. *Id*. *AC Techs* does not require the Board to address grounds that challenge claims already held to be unpatentable on other grounds.

This is consistent with *Adidas AG v. Nike, Inc.*, 894 F.3d 1256 (Fed. Cir. 2018), in which the Board held the challenged claims not unpatentable based on the petitioner's first ground without considering the second ground. *Id*. at 1257. This Court remanded the proceeding to the Board to consider that second ground. *Id*. at 1258. In this case, all of the challenged claims were found unpatentable based on Unified's Ground 1, so there is no basis to remand this proceeding back to the Board. Appx48-49.

Therefore, the Board instituted the proceeding below on all challenged claims and all of Unified's asserted grounds. It held all challenged claims unpatentable based on Unified's Ground 1, and it had no obligation to address Unified's Ground 2 given that all challenged claims were already found unpatentable. Thus, there is

no basis for remanding this proceeding to the Board. Further, remanding cannot change Unified's failure to address the MDI limitations in claims 5-8.

Additionally, Unified waived its remand argument by choosing not to file a rehearing request on this issue. *Polycom*, 767 Fed.Appx. at 980. Unified prevailed in the Final Written Decision, and it strategically chose not to contest the Board's decision not to further address Ground 2. Thus, Unified waived this issue. *See also BioDelivery Scis. Int'l, Inc. v. Aquestive Therapeutics, Inc.*, 898 F.3d 1205, 1208 (Fed. Cir. 2018) (no waiver if no opportunity to raise *SAS*-based relief). Based on *SAS*, Unified had the opportunity to object to the Board not addressing Ground 2, but it chose not to do so. Therefore, it should not be given a second bite at the apple when it chose not to ask the Board to address Ground 2.

## CONCLUSION

For all the foregoing reasons, as well as the reasons provided in Voice Tech's Principal Brief, the Court should reverse the Board's holding that claims 1-8 of the '679 patent are unpatentable.

Dated: March 30, 2023

Respectfully submitted,

/s/ Eric M. Adams
Eric M. Adams
eadams@tumeyllp.com
TUMEY L.L.P.
5177 Richmond Avenue, Suite 1188
Houston, Texas 77056
(713) 622-7005
(713) 622-0220 *fax*

ATTORNEYS FOR APPELLANT
VOICE TECH CORP.

FORM 30. Certificate of Service

Form 30
July 2020

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF SERVICE

**Case Number** 22-2163

**Short Case Caption** Voice Tech Corp. v. Unified Patents, LLC

**NOTE:** Proof of service is only required when the rules specify that service must be accomplished outside the court's electronic filing system. See Fed. R. App. P. 25(d); Fed. Cir. R. 25(e). Attach additional pages as needed.

I certify that I served a copy of the foregoing filing on 03/30/2023

by ☐ U.S. Mail ☐ Hand Delivery ☑ Email ☐ Facsimile
☐ Other: ________

on the below individuals at the following locations.

| Person Served | Service Location (Address, Facsimile, Email) |
|---|---|
| Debra J. McComas | Haynes and Boone, LLP, 2323 Victory Ave, Ste 700, Dallas, TX 75219, debbie.mccomas@haynesboone.com |
| Raghav Bajaj | Haynes and Boone, LLP, 600 Congress Ave, Ste 1300, Austin, TX 78701, raghav.bajaj@haynesboone.com |
| David L. McCombs | Haynes and Boone, LLP, 2323 Victory Ave, Ste 700, Dallas, TX 75219, david.mccombs@haynesboone.com |
| Angela M. Oliver | Haynes and Boone, LLP, 800 17th St NW, Ste 500, Washington, DC, 20006, angela.oliver@haynesboone.com |
| Roshan Mansinghani | Unified Patents, LLC, 4445 Willard Ave, Ste 600, Chevy Chase, MD 20815, roshan@unifiedpatents.com |

☑ Additional pages attached.

Date: 03/30/2023

Signature: /s/ Eric M. Adams

Name: Eric M. Adams

FORM 30. Certificate of Service

Form 30
July 2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF SERVICE

**Case Number** 22-2163

**Short Case Caption** Voice Tech Corp. v. Unified Patents, LLC

**NOTE:** Proof of service is only required when the rules specify that service must be accomplished outside the court's electronic filing system. See Fed. R. App. P. 25(d); Fed. Cir. R. 25(e). Attach additional pages as needed.

I certify that I served a copy of the foregoing filing on 03/30/2023

by ☐ U.S. Mail ☐ Hand Delivery ☑ Email ☐ Facsimile
☐ Other: ________________

on the below individuals at the following locations.

| Person Served | Service Location (Address, Facsimile, Email) |
|---|---|
| Jordan Rossen | Unified Patents, LLC, 4445 Willard Ave, Ste 600, Chevy Chase, MD 20815, jordan@unifiedpatents.com |
| | |
| | |
| | |
| | |

☐ Additional pages attached.

Date: 03/30/2023

Signature: /s/ Eric M. Adams

Name: Eric M. Adams

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS

**Case Number:** 22-2163

**Short Case Caption:** Voice Tech Corp. v. Unified Patents, LLC

**Instructions:** When computing a word, line, or page count, you may exclude any items listed as exempted under Fed. R. App. P. 5(c), Fed. R. App. P. 21(d), Fed. R. App. P. 27(d)(2), Fed. R. App. P. 32(f), or Fed. Cir. R. 32(b)(2).

The foregoing filing complies with the relevant type-volume limitation of the Federal Rules of Appellate Procedure and Federal Circuit Rules because it meets one of the following:

- ☑ the filing has been prepared using a proportionally-spaced typeface and includes 6,852 words.

- ☐ the filing has been prepared using a monospaced typeface and includes __________ lines of text.

- ☐ the filing contains __________ pages / __________ words / __________ lines of text, which does not exceed the maximum authorized by this court's order (ECF No. __________).

Date: 03/30/2023

Signature: /s/ Eric M. Adams

Name: Eric M. Adams