HAYNES BOONE

January 3, 2024

***Via CM/ECF***
Mr. Jarrett B. Perlow
Circuit Executive and Clerk of Court
U.S. Court of Appeals for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Re: Notice of Supplemental Authority Under Fed. R. App. P. 28(j) in *Voice Tech Corp. v. Unified Patents, LLC*, 22-2163

Dear Mr. Perlow:

Appellee Unified Patents, LLC respectfully identifies the following authorities, decided after its Response Brief, addressing issues raised in this appeal:

- *Corephotonics, Ltd. v. Apple Inc.*, 84 F.4th 990 (Fed. Cir. 2023)
- *Intel Corp. v. PACT XPP Schweiz AG*, 61 F.4th 1373 (Fed. Cir. 2023)

Relevant portions of these cases are addressed below, organized by topic.

**Motivation to Combine (Response Br. 36)**

Voice Tech argues that one of ordinary skill in the art would not have combined Wong and Beauregard given their "overlapping functions." Opening Br. 44; *see also id.* 8, 55. This reasoning was rejected in *Intel*. There, this Court explained that if two references "address the same problem," and one provides "a known way to address that problem," that "is precisely the reason that there's a motivation to combine under *KSR* and our precedent." *Intel*, 61 F.4th at 1380.

**Clarifying Petition in Reply (Response Br. 61, 63–69)**

Voice Tech faults Unified for a "clerical error" in its petition. Appx58 (Board's R'hg Decision). In *Corephotonics*, however, this Court affirmed a Board decision allowing a petitioner to correct an error in the petition's analogous art analysis using its reply. 84 F.4th at 1009–12. There, the Board viewed the petition as having improperly compared the prior art references to one another (rather than to the challenged patent). *Id.* at 1006–07. In its reply, the petitioner made clear that the references were analogous art based on comparisons to the challenged patent. *Id.* at 1007. In affirming, this Court noted the patent owner "had sufficient notice of [the petitioner's] position" and an "adequate opportunity to respond," *id.* at 1010, just as Voice Tech had here. *See* Response Br. 63–69.

**Standard of Review (Response Br. 20, 58, 63)**

*Corephotonics* confirms that the Court's "review of how the Board interprets a petition is for abuse of discretion." 84 F.4th at 1007. It also explains that reply arguments must meet two "restrictions": "newness" and "responsiveness." *Id.* at 1008. Whether a ground is new is reviewed de novo; whether an argument is responsive is reviewed for abuse of discretion. *Id.*

Respectfully submitted,

*/s/ Debra J. McComas*

Debra J. McComas
2801 N. Harwood St., Suite 2300
Dallas, Texas 75201
Phone: (214) 651-5375
Fax: (214) 200-0525
Debbie.McComas@haynesboone.com

**Attorney for Unified Patents, LLC**

HAYNES BOONE

## CERTIFICATE OF COMPLIANCE

1. This letter complies with the type-volume limitation of Fed. R. App. P. 28(j) because the body of this letter contains 349 words.

2. This letter complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this letter has been prepared in a proportionally spaced typeface using Microsoft Word 365 in 14-point Equity A font.

*/s/ Debra J. McComas*
Debra J. McComas