TUMEY L.L.P.
A REGISTERED LIMITED LIABILITY PARTNERSHIP
3700 Buffalo Speedway, SUITE 510
HOUSTON, TEXAS 77098
TELEPHONE: 713/622-7005
FAX: 713/622-0220

Eric M. Adams EMAIL: eadams@tumeyllp.com

January 4, 2024

***Via CM/ECF***
Mr. Jarrett B. Perlow
Circuit Executive and Clerk of Court
U.S. Court of Appeals for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Re: Response to Notice of Supplemental Authority under Fed. R. App. P. 28(j) in *Voice Tech Corp. v. Unified Patents, LLC,* 22-2163

Dear Mr. Perlow:

Appellant Voice Tech Corp. responds to Appellee Unified Patents, LLC's Notice of Supplemental Authority regarding the following:

- *Corephotonics, Ltd. v. Apple Inc.*, 84 F.4th 990 (Fed. Cir. 2023)
- *Intel Corp. v. PACT XPP Schweiz AG*, 61 F.4th 1373 (Fed. Cir. 2023)

**Motivation to Combine**

Voice Tech argues that "both Wong and Beauregard employ a matching function in order to match the command to the user's preconfigured instructions." Opening Brief at 44. Voice Tech then adds that "there is no reason for a POSITA to seek to combine Wong and Beauregard given these overlapping functions." *Id*. *Intel* does not reject this reasoning. In *Intel*, although both references addressed the same problem, they used "a different mechanism." *Intel*, 61 F.4th at 1380. Here, Wong and Beauregard employ the same mechanism—matching.

**Clarifying Petition in Reply**

Voice Tech did not characterize Unified's complete failure to even mention the "mobile device interface" in its Petition, claim charts, and expert declaration as a "clerical error." Opening Brief at 19. The Board characterized Unified's failure that way. *Id*.

In *Corephotonics*, the petition was ambiguous because it was not clear whether petitioner argued that the prior art references were in the same field of endeavor as one another or that both references were in the same field of endeavor as the challenged patent. *Corephotonics*, 84 F.4th at 1004. This Court agreed with the Board that it was permissible for the petitioner to clarify this ambiguity in its reply. *Id*. at 1009. Further, this Court held that "the reply must not be part of a *new* theory of unpatentability." *Id*. at 1008. "The 'newness' restriction prohibits the petitioner from raising, in reply, 'an entirely new theory of *prima facie* obviousness absent from the petition,' even if the new theory is responsive to the patent owner's response or the Board's institution decision." *Id*.

Here, neither Unified's Petition nor any materials submitted with it even mentioned the "mobile device interface." Thus, Voice Tech did not have an adequate opportunity to respond to arguments made for the first time in Unified's Reply.

Respectfully submitted,

/s/ Eric M. Adams

Eric M. Adams
TUMEY L.L.P.
3700 Buffalo Speedway, Ste 510
Houston, Texas 77098
(713) 622-7005
(713) 622-0220 *fax*
eadams@tumeyllp.com

ATTORNEY FOR APPELLANT
VOICE TECH CORP.

## CERTIFICATE OF COMPLIANCE

This letter complies with the type-volume limitation of Fed. R. App. P. 28(j) because the body of this letter contains 344 words. Further, this letter complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this letter has been prepared in proportionally spaced typeface using Microsoft Word 365 in 14-point Times New Roman font.

/s/ Eric M. Adams
Eric M. Adams